IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Ronald Eugene Bogan, # 245702, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>State of South Carolina, )<br>)<br>Respondent. )<br>_____) | C/A No. 0:04-2408-18<br><br>**ORDER and OPINION** |

      This petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. § 2241 (West 2003), is before the court upon the magistrate judge's recommendation that respondent's motion for summary judgment be granted. The record includes a Report and Recommendation ("Report") of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1)(B) (West 2003). The court adopts the magistrate judge's thorough recitation of this action's procedural history, and will highlight only those facts pertinent to the forgoing analysis.

**I.    TIME FOR FILING OBJECTIONS**

      A petitioner may object, in writing, to a magistrate judge's Report within ten days after being served with a copy of that report. See 28 U.S.C. § 636(b)(1) (West 2003). Three days are added to the ten-day period if the Report is mailed rather than personally served. See Fed. R. Civ. P. 6(e). The magistrate judge filed his Report on March 24, 2005. Petitioner filed his written objections on April 12, 2005.

**II.    STANDARD OF REVIEW**

      This court is charged with conducting a de novo review of any portion of the magistrate judge's Report to which a specific objection is registered and may accept,

reject, or modify, in whole or in part, the recommendations contained in that Report. See 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140 (1985). This court is not required to review under a de novo standard, or any other standard, the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. at 149-50; see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) (stating that "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision). General objections will not suffice to obtain judicial review of a magistrate judge's findings. See Howard v. Secretary of Health & Human Servs., 932 F.2d 505, 508-09 (6th Cir. 1991).

Summary judgment shall be granted when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56. "At the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). The trial judge will grant summary judgment "if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." Id. The judge is not required to make findings of fact. See id. Rather, the threshold inquiry is whether "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be

resolved in favor of either party." Id.  Summary judgment provides an avenue "to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

## III.  ANALYSIS

Petitioner's state court conviction became final on October 7, 1998.[1]  On December 1, 1998 petitioner filed an Application for Post Conviction Relief ("APCR") in state circuit court; the conviction was ultimately affirmed on July 28, 2003.  Petitioner filed a petition for rehearing on August 12, 2003, which was denied in an order dated September 10, 2003.  Petitioner's federal habeas corpus petition was filed in this court on July 21, 2004.

### a.  Statute of Limitations

Respondent contends petitioner failed to file his federal habeas corpus petition within one year after his state court conviction became final. 28 U.S.C. § 2244(d).[2]  The pendency of petitioner's APCR is excluded from the limitations period. 22 U.S.C. § 2244(d)(2).  The time periods subject to the one year limitation include the 54 days between October 7, 1998 and December 1, 1998, and the 314 days between September 10, 2003 and July 21, 2004.  Petitioner therefore filed his petition 368 days after his state court conviction became final.  Petitioner does not contest the Report's conclusion that the filing is three days outside the one year statute of limitations.

---

[1] On that, date petitioner's direct appeal in state court was dismissed, thus finalizing the conviction in state court.

[2] Petitioner does not challenge the Report's conclusion that § 2244(d)(a) provides the date to start the limitations period.

Nonetheless, petitioner contends the time period should be equitably tolled to address the unique circumstances surrounding his federal filing. In sum, petitioner's untimely filing is due to both a delay in receiving notice of the rehearing denial, and his counsel's mistake in calculating the limitations deadline. As the Report notes,

> Petitioner's counsel attests she did not receive the order denying the Petition for Rehearing which was issued on September 10, 2004 . . . . [O]n June 2, 2004, [petitioner's counsel] contacted the Supreme Court of South Carolina to express concern at not having received a ruling on the petition for rehearing. Counsel attests that it was only at that time that she was informed that the Court had, in fact, issued an Order denying the Petition for Rehearing on September 10, 2003.

Report at 8.[3] At that point, counsel calculated the limitations deadline based on S.C. R. App. P. 221, which would have restarted the limitations period on September 25, 2005.[4] Counsel received a copy of the September 10 order on June 3, 2004. The copies indicated that the Remittitur was returned the same day that the denial was issued, which meant the limitations clock actually restarted on September 10. Petitioner's counsel admits the calendaring oversight.

Petitioner contends the unlikely confluence of events resulting in but a three day delay provides justification for the court to equitably toll the limitations period and permit the petition as timely. As the Report noted, "equitable tolling applies only in the rare and exceptional circumstance, and is limited to 'extraordinary circumstances'

---

[3] The limitations clock restarted when the Remittitur was sent after the state supreme court denied certiorari.

[4] S.C. R. App. P. 221(b) provides that "unless otherwise ordered by the Court, [Remittitur] shall not be sent to the Court below until fifteen days have elasped . . . since the filing of the" order finally disposing of the appeal.

4

preventing a prisoner from filing a timely petition." Report at 10 (citing Warren v. Garvin, 219 F.3d 111, 113 (2nd Cir. 2000)).  While acknowledging that the "combination of factors that occurred could arguably present a case for equitable tolling," the magistrate judge concluded that case law precluded the doctrine's application. Report at 10.

The Fourth Circuit has established a three part test to determine whether a petitioner is entitled to equitable tolling. The petitioner must demonstrate (1) extraordinary circumstances (2) beyond his control or external to his own conduct (3) that prevented him from filing on time.  Rouse v. Lee, 339 F.3d 238, 247 (4th Cir. 2003).

Plaintiff's counsel waited nine months and eleven days before checking the status of the motion for rehearing.  Counsel's actions are attributable to petitioner under agency principles, and therefore are not external to his own conduct.  See id., 339 F.3d at 249. As the Report notes, courts have denied equitable tolling where the petitioner or his counsel did not inquire into the status of the appeal within a reasonable time, even though no notice was received.[5]  However, the nine months that petitioner's counsel waited is half the delay (or less) noted in these cases.

---

[5] The Report noted several instances where a petitioner did not receive notice of the denial of his state appeal, then waited several months before inquiring about its status: Plowden v. Romine, 78 F. Supp. 2d 115, 119 (E.D. N.Y. 1999) (dismissing habeas petition despite lack of notice because petitioner failed to act with "reasonable diligence" after seventeen months elapsed before inquiring into status of his request for leave to appeal); Marengo v. Conway, 342 F. Supp. 2d 222, 230 (S.D. N.Y. 2004) (finding delay of nineteen months to inquire into status demonstrates lack of due diligence); LaCava v. Kyler, 398 F.3d 271, 277 (3rd Cir. 2005) (finding delay of twenty one months before inquiring about status of state appeal demonstrates lack of due diligence, despite lack of notice).

Petitioner's other reason for the untimely filing is counsel's calendaring oversight. The court shares the Report's sentiment and reasoning:

> While the undersigned is sympathetic to Petitioner's position with regard to the miscalculation of the time he had to file this Petition, the Fourth Circuit has held that a "mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding."

Report at 11 (quoting <u>Rouse</u>, 339 F.3d at 248).  As the magistrate judge noted, the reasoning expressed in <u>Rouse</u> is shared by a number of other circuits. <u>See</u> <u>Report</u> at 11. The delay resulting from the calendaring oversight cannot be equitably tolled.

The unique circumstances of this case distinguish it from the authorities cited in the Report.  Petitioner's delay in inquiring about his state rehearing was about half that of comparable cases.  That delay, coupled with the calendaring mistake, resulted in only a three day oversight. "As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright line rules."  <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999).  The court will exercise its discretion and toll three days of the nine month delay for purposes of § 2244(d)'s one year statute of limitations.  Therefore, the petition will be regarded as timely.

### b.     Substantive Objections

Petitioner asserts five grounds in support of his petition.  The Report recommends dismissal of all five grounds raised by petitioner.  Petitioner's objections for grounds one, three, four and five repeat virtually verbatim his motion in opposition to summary judgment.  The objections appear to be cut and pasted from the memorandum submitted

to the magistrate judge.[6]   The appendix to the Report emphasized:

> **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**
> **. . . .**
> **A general objection to the entirety of the [magistrate's judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.**

Report at 25 (italics, bold in original).  The verbatim regurgitation of previous arguments, without specific reference to the Report's findings or reasoning, does not narrow the issues for review.  Rather, such repetition would render the magistrate judge's work superfluous.  See Hester v. North Carolina Attorney General, 199 F.3d 1327 (4th Cir. 1999) (noting a district court "need not conduct de novo review when a party makes general and conclusory objections that do not direct the court to specific error in the magistrate's proposed findings and recommendations"); Davis v. Bumgarner, 201 F.3d 435 (4th Cir. 1999) ("specific objections are necessary in order to focus the court's attention on disputed issues").  Petitioner's burden to specify objections is only heightened by the fact he is not proceeding pro se.  As such, petitioner's nonspecific, repetitive objections on grounds one, three, four and five are inadequate to obtain further

---

[6] In Lozado v. Barnhart, 331 F. Supp. 2d 325, 327 (E.D. Pa. 2004) the district court found that objections which were "cut and pasted" verbatim from the brief presented to the magistrate judge did not comply with the specificity requirements.

The only reference to the Report in the objections are conclusory sentences added to repeated paragraphs, i.e., "[c]ontrary to the findings in the report, the clear and convincing evidence in the record is sufficient to overcome a presumption of correctness with respect to the state court's determination of the facts." Pet'r Obj. at 14.

7

judicial review.[7]

### i. Ground Two

Petitioner contends the trial judge failed to recognize his discretion to order petitioner's sentence run concurrently with a previously imposed Texas burglary conviction, and that the failure to recognize this discretion deprived him of equal protection and due process. In his petition for belated appeal, petitioner directly challenged his sentence but did not raise constitutional questions. Petitioner acknowledges that this claim is procedurally defaulted because he failed to raise it in the state court habeas proceeding. See Pet'r Obj. at 9. Nonetheless, petitioner contends the claim meets the limited exception to procedural default. The Report rejected this argument.

As the Report noted, federal habeas review of this claim is barred unless petitioner demonstrates cause and prejudice, or actual innocence. Report at 15 (citing Wainwright v. Sykes, 433 U.S. 72 (1977)). Petitioner rests his argument on the "cause/prejudice" prong, and does not contend "actual innocence." To demonstrate prejudice, petitioner must show "not merely that the errors at trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." U.S. v. Frady, 456 U.S. 152 (1982). Petitioner identifies the prejudice as the deprivation "of all opportunity for" consideration of a concurrent sentence. Pet'r Obj. at 10. Petitioner's belated appeal interpreted state

---

[7] Even reading the objections as adequate, they only restate arguments which the magistrate judge considered and rejected. The court concurs with the Report's analysis and conclusions as to grounds one, three, four and five.

law to conclude the imposed sentence was effectively consecutive with the Texas sentence. Under petitioner's reading of state law, his sentence could not be cumulative with the Texas conviction and thus was of obvious prejudice. Respondent argues that under South Carolina law, the sentence could not run consecutive, and that petitioner had a concurrent sentence. In denying the appeal, the state supreme court implicitly rejected petitioner's interpretation of South Carolina law and recognized the sentence as concurrent. As such, any abuse of discretion by the trial judge was harmless, and therefore not prejudicial. Petitioner now claims the trial judge's alleged error is a federal constitutional violation. Even if true, the state supreme court has decided the result of the sentencing error was harmless. Petitioner has suffered no prejudice from the alleged abuse of sentencing discretion, as the sentence is recognized as concurrent. See Report at 17, n. 6. Since "cause without prejudice . . . cannot get a defaulted claim into federal court," petitioner's due process and equal protection claims vis-a-vis his sentencing are barred.[8]

---

[8] As the Report noted, it is also questionable whether petitioner's constitutional claims are novel. The Report rejected the contention of novelty, citing a 1996 Eighth Circuit case which held a petitioner has a "constitutionally protected liberty interest in the sentence resulting from the exercise of [discretion to order concurrent or consecutive sentences], and that liberty interest is one that the Fourteenth Amendment preserves against arbitrary deprivation by the state." Toney v. Gammon, 79 F.3d 693, 700-01 (8th Cir. 1996). In Toney, the state trial judge's "finding that a particular statute required the petitioner's sentences to be run consecutive was later overruled by the Missouri Supreme Court in another case, leading the federal court to find that it would violate the petitioner's federal liberty interest not to allow a state judge to now exercise this sentencing authority." Report at 17, n. 6. Thus, the trial judge's arbitrary disregard of his discretion at sentencing constituted a denial of due process of law.

Of course, there has been no such finding in the case at bar. "To the contrary, the South Carolina Supreme Court . . . specifically upheld petitioner's sentencing and denied petitioner's appeal on this issue." Id.

9

**IV.	CONCLUSION**

For the foregoing reasons and those stated by the magistrate judge, it is therefore

**ORDERED** that respondent's motion for summary judgment is **GRANTED**.

**AND IT IS SO ORDERED.**

 _____
 **DAVID C. NORTON**
 **UNITED STATES DISTRICT JUDGE**


**August 16, 2005**
**Charleston, South Carolina**

10